**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
12/05/2005
Log Number 510747996

TO:     Ed Weltman
        Goodwin Procter LLP
        599 Lexington Avenue, 40th Floor
        New York, NY, 10022-

RE:     **Process Served in New Jersey**

FOR:    PREMO PHARMACEUTICAL LABORATORIES, INC. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Laurie Jo Ainsworth Warich, Pltf. vs. Eli Lilly and Company, et al., including Premo Pharmaceutical Laboratories, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, and Complaint |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC Case # 2005 CA 009268 B |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Plaintiff is seeking damages due to injuries suffered by ingesting a certain drug called "DES" |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/05/2005 postmarked on 11/30/2005 |
| **APPEARANCE OR ANSWER DUE:** | 20 days |
| **ATTORNEY(S) / SENDER(S):** | Aaron M. Levine Aaron M. Levine & Associates 1320 19th Street N.W. Suite 500 Washington, DC, 20036 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791293388070 |
| **SIGNED:** **PER:** **ADDRESS:** | The Corporation Trust Company Tyeasha Weaver 820 Bear Tavern Road 3rd Floor West Trenton, NJ, 08628 |
| **TELEPHONE:** | 609-538-1818 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LAURIE JO AINSWORTH WARICH
Vs.                                              C.A. No.      2005 CA 009268 B
ELI LILLY & COMPANY

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JOHN M CAMPBELL
Date:  November 30, 2005
Initial Conference: 9:30 am, Friday, March 10, 2006
Location:  Courtroom 517
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| LAURIE JO AINSWORTH WARICH | **05-0009268** |
| *Plaintiff* | |
| VS. | Civil Action No. |
| PREMO PHARMACEUTICAL LAB., INC. | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Aaron M. Levine | |
| Name of Plaintiff's Attorney | By _____ |
| 1320 19th St., NW, Suite 500 | Deputy Clerk |
| Address | |
| Washington, DC  20036 | |
| (202) 833-8040 | Date NOV 30 2005 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

LAURIE JO AINSWORTH WARICH        ]
5 Genesseo Circle                 ]
Milford, MA 01757                 ]
                                  ]
                **Plaintiff,**   ]
                                  ]  CIVIL ACTION NO. _____  05-0009268
      v.                         ]
                                  ]
ELI LILLY AND COMPANY             ]
Lilly Corporate Center, Indianapolis, IN 46285   ]
w/s/o NATIONAL REGISTERED AGENTS, INC.   ]
1090 Vermont Avenue, NW, #910     ]
Washington, DC 20005              ]
                                  ]
    and                    ]
                                  ]
BRISTOL-MYERS SQUIBB COMPANY      ]
a successor of E.R. SQUIBB & SONS, INC.   ]
P.O. Box 4500                     ]
Princeton, NJ 08543               ]
    w/s/o CT CORPORATION    ]
    1025 Vermont Avenue, N.W.   ]
    Washington, DC 20005    ]
                                  ]
    and                    ]
                                  ]
PHARMACIA and UPJOHN COMPANY      ]
(aka THE UPJOHN COMPANY)          ]
100 Route 206 North               ]
Peapack, NJ 07977                 ]
    w/s/o CT CORPORATION    ]
    1025 Vermont Avenue, N.W.   ]
    Washington, DC 20005    ]
                                  ]
    and                    ]
DART INDUSTRIES, INC.             ]
a successor to                    ]
REXALL DRUG COMPANY, INC.         ]
14901 South Orange Blossom Trail  ]
Orlando, FL 32837                 ]
w/s/o  Sheila Ann Marie Moeller, Esq.   ]
Gilbride, Tusa, Last & Spellane, LLC   ]
31 Brookside Drive                ]
Greenwich, CT 06836               ]

RECEIVED
Civil Clerk's Office

NOV 3 0 2005

Superior Court of the
District of Columbia
Washington, D.C.

and                                                    ]
                                                       ]
                                                       ]
PREMO PHARMACEUTICAL                                   ]
  LABORATORIES, INC.                                   ]
w/s/o/ Corporation Trust Co.                           ]
820 Bear Tavern Road                                   ]
West Trenton, NJ 08628                                 ]
                                                       ]
        and                                            ]
                                                       ]
PERSON & COVEY, INC                                    ]
616 Allen Avenue                                       ]
Glendale, CA 91221                                     ]
                                                       ]
        and                                            ]
                                                       ]
MALLINCKRODT, INC.,                                    ]
        a Delaware Corporation,                        ]
675 McDonnell Boulevard                                ]
St Louis, MO 63042                                     ]
                                                       ]
and                                                    ]
                                                       ]
GLAXOSMITHKLINE, INC.,                                 ]
a successor to S. E. Massengill                        ]
1500 K Street, NW                                      ]
Washington, DC  20036                                  ]
                                                       ]
ABBOTT LABORATORIES, INC.                              ]
100 Abbott Park Road                                   ]
Abbott Park, IL 60064                                  ]
w/s/o CT CORPORATION                                   ]
1025 Vermont Avenue, NW                                ]
Washington, DC 20036                                   ]
                                                       ]
        and                                            ]
                                                       ]
MERCK & COMPANY, INC.                                  ]
P.O. Box 4                                             ]
West Point, PA 19486                                   ]
w/s/o CT CORPORATION                                   ]
1025 Vermont Avenue, NW                                ]
Washington, DC 20036                                   ]
        and                                            ]

**ELAN PHARMACEUTICALS**
    **as successor of**
      **CARNRICK LABORATORIES, INC.**
**800 Gateway Boulevard**
**South san Francisco, CA 94080**
**w/s/o CT CORPORATION**
**1025 Vermont Avenue, NW**
**Washington, DC 20036**

    **and**

**ORTHO-MCNEIL PHARMACEUTICAL,**
    **INC.**
**A Delaware Corporation**
**1000 Route 202 South**
**Raritan, NJ 08869**

                **Defendants.**

]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]

## COMPLAINT
### (DES Litigation – Products Liability, Market Share Liability)

    1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

    2.    Defendants and their predecessors are engaged, or have been engaged, in the

manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the

United States, and are doing business in the District of Columbia, and sought and obtained

industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of

Columbia.

## COUNT I
### (Negligence)

    3.    On or about 1959 and 1960, during her pregnancy with Laurie Jo Ainsworth

Warich, the mother of the Plaintiff herein bought and ingested DES in Wyoming. Her physician

prescribed said drug during the pregnancy. The drug was sold by Defendants Eli Lilly & Co

("Lilly"), and/or all Defendants, whom acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States, and the State of Wyoming.

4.    As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5.    Said injuries were the result of the negligence of Defendant Lilly and/or all Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

<u>**COUNT II**</u>
**(Strict Liability)**

6.    All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.    Defendant Lilly and/or all Defendants, are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

9.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant Lilly, and/or all Defendants, possession.

10.     Said product was defective when placed on the market by Defendant Lilly, and/or all Defendants. DES was sold by Defendant Lilly, and/or all Defendants, without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11.     Defendant Lilly, and/or all Defendants, knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.     As a result of Defendant Lilly, and/or all Defendants marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13.     By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant Lilly, and/or all Defendants, are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14.     All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.     At all times relevant to this action, Defendant Lilly, and/or all Defendants, marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage

preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.    Defendant Lilly, and/or all Defendants, knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.    As a direct result of the breach of warranties by Defendant Lilly, and/or all Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.    All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.    Defendant Lilly, and/or all Defendants, represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant Lilly, and/or all Defendants, representations in his advice about purchase, use, and consumption of DES.

22.    At all times relevant to this action, these representations were known to Defendant Lilly, and/or all Defendants, to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.    As a direct result of said false representations by Defendant Lilly, and/or all Defendants, Plaintiff was injured as aforesaid.

## COUNT V
**(Punitive Damages)**

24.    The acts of the Defendant Lilly, and/or all Defendants, were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Laurie Jo Ainsworth Warich demands judgment against Defendants in the sum of One Million Dollars ($1,000,000.00), jointly and severally, in compensatory damages and One Million ($1,000,000.00), jointly and severally, in punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

Aaron M. Levine

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
CIVIL CLERK'S OFFICE

DEC 1 2 2005

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

LAURIE JO AINSWORTH-WARICH          *

    Plaintiffs                               *

                                C.A. No.: 05-CA-0009268

v.                                          *     Judge: John M. Campbell

ELI LILLY & COMPANY, et al.            *

    Defendants                               *

      *      *      *      *      *      *      *      *      *

### ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.      As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiff.

2.      As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and

distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.      As to Count I, Paragraphs 3, 4 and 5 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

4.      As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

5.      As to Count II, Paragraphs 7, 9, 10, 11, 12 and 13 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

6.      As to Count II, Paragraph 8 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES, or was previously a manufacturer of DES.

7.      As to Count III, Paragraph 14 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 13 as fully as if they were repeated verbatim herein.

8.      As to Count III, Paragraphs 15, 16, 17, and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

9.      As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

10.     As to Count IV, Paragraphs 20, 21, 22, and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

11.    As to Count V, Paragraph 24 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiffs in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

3

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

### NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

### ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

4

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this

Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

## EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

## TWENTY-FIRST DEFENSE

Count V of the Complaint does not constitute a separate cause of action but is merely a request for a different type of damages and, therefore, Count V of the Complaint is a legal nullity.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2005, a copy of the foregoing Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

John Kuckelman, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108;

Michele R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004; *Attorneys for Eli Lilly & Company*

7

Elizabeth Ewert, Esquire
Stephanie Albert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Defendant Pharmacia and Upjohn Company; Merck & Company, Inc. and Ortho-McNeil Pharmaceutical, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Christopher J. Garvey, Esquire
Goodwin Proctor, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Janet K. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue – 12th Floor
Towson, Maryland 21204; *Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314; *Attorneys for Person & Covey, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W., Suite 1200
Washington, D.C. 20005; *Attorneys for Abbott Laboratories*

Harold M. Walter, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21201; *Attorneys for Elan Pharmaceuticals*


Sidney G. Leech

8

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LAURIE JO AINSWORTH WARICH,      )
                                  )
            Plaintiff,            )        Civil Action No. 05ca09268
                                  )
v.                                )        Judge John M. Campbell
                                  )
ELI LILLY AND COMPANY, et al.,    )
                                  )
            Defendants.           )

## ANSWER OF DEFENDANT DART INDUSTRIES, INC.

Defendant Dart Industries, Inc., (formerly known as Rexall Drug Company, hereinafter referred to as "Dart"), by counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other defendant in this action, answers the Complaint herein as follows.

1.      Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint and therefore Dart denies those averments.

2.      In response to the averments contained in paragraph 2 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others and that in the past Dart has done business in the District of Columbia. Except as specifically admitted, Dart denies the allegations contained in paragraph 2 of the Complaint.

3.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first two sentences of paragraph 3 of the Complaint and therefore Dart denies those averments. In response to the averments contained in the third sentence of paragraph 3 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others. Dart denies that it acted in concert with the other defendants or that it advertised DES. Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the third sentence of paragraph 3 of the Complaint and therefore Dart denies those averments.

4.    Dart denies the averments contained in paragraphs 4 and 5 of the Complaint.

5.    In response to the averments contained in paragraph 6 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 5.

6.    Dart denies the averments contained in paragraph 7 of the Complaint.

7.    In response to the averments contained in paragraph 8 of the Complaint, Dart admits that Rexall Drug Company manufactured and produced certain DES products between 1949 and 1967, if the terms "manufacture" and

"produce" are defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others. Except as specifically admitted, Dart denies the averments contained in paragraph 8 of the Complaint.

8.      Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint and therefore Dart denies those averments.

9.      Dart denies the averments contained in paragraphs 10 through 13 of the Complaint.

10.      In response to the averments contained in paragraph 14 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 13.

11.      Dart denies the averments contained in paragraphs 15 through 18 of the Complaint.

12.      In response to the averments contained in paragraph 19 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 18.

13.      Dart denies the averments contained in paragraphs 20 through 24 of the Complaint.

14.      All averments contained in the Complaint that are not admitted specifically above, are hereby denied.

## AS AND FOR AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15.    Plaintiff's alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

17.    If the causes of action asserted in plaintiff's Complaint state claims upon which relief can be granted, plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

### FOURTH AFFIRMATIVE DEFENSE

18.    To the extent that plaintiff asserts claims of fraud, plaintiff has failed to state a cause of action in that plaintiff asserts mere allegations and fail to state with particularity the circumstances constituting the wrong as required by Rule 9 of the Rules of the Superior Court for the District of Columbia for Civil Cases.

### FIFTH AFFIRMATIVE DEFENSE

19.    Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the plaintiff by this answering defendant at the time the mother of the plaintiff allegedly used the drug referred to in the Complaint or by the reason of the doctrine of en ventre sa mere and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

4

### SIXTH AFFIRMATIVE DEFENSE

20.    The plaintiff has been unable to identify this defendant as the defendant causing the alleged injuries, and therefore has failed to state a cause of action against this defendant.

### SEVENTH AFFIRMATIVE DEFENSE

21.    Any damages, injuries or losses that may have been sustained by the plaintiff, as alleged in the Complaint, were sustained only after the mother of the plaintiff knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to herself and her offspring.

### EIGHTH AFFIRMATIVE DEFENSE

22.    Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused by the negligence of the plaintiff.

### NINTH AFFIRMATIVE DEFENSE

23.    Plaintiff is barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiff during her pregnancy with the plaintiff, the use of said drug was responsible for the birth of the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

24.    If the plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no

right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

## ELEVENTH AFFIRMATIVE DEFENSE

25.    If in fact the mother of the plaintiff used the product referred to in the Complaint, upon information and belief, said product was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

## TWELFTH AFFIRMATIVE DEFENSE

26.    With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiff and this defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

27.    With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

28.    The causes of action asserted herein by the plaintiff, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiff has asserted claims for relief which, if granted, would contravene this defendant's constitutional rights to substantive and procedural due process of law under the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

29.    The causes of action asserted by the plaintiff herein, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiff has asserted claims for relief, which, if granted, would constitute a taking of private property for a public use, without just compensation and such a taking would contravene this defendant's constitutional rights under the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

30.    The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted, in that, inter alia, plaintiff has asserted claims for relief which, if granted, would constitute a denial by this Court of this defendant's constitutional rights to equal protection of the laws under the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31.    The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted in that, inter alia, plaintiff has asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

32.    If in fact plaintiff's Complaint were held to contain a cause of action upon which relief could be granted, then plaintiff's recovery, if any, should be

reduced by the relative amount of comparative fault attributable to the plaintiff, or her agents, or persons other than this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

33.    The place of filing of this action was set without due regard to the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

## TWENTIETH AFFIRMATIVE DEFENSE

34.    Plaintiff's demand for punitive damages is barred by the following clauses to the United States Constitution: the due process clauses of the Fourteenth Amendment; the double jeopardy clause of the Fifth Amendment; and the ex post facto clause of Article 1, section 10.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

35.    Dart incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

**WHEREFORE**, Defendant Dart Industries, Inc. respectfully prays that this Court dismiss the Complaint herein or otherwise deny each and every request for relief therein and that it be awarded such other and further relief to which it may be entitled and which this Court may deem just and proper, including the costs and disbursements of the defense of this action.

DART INDUSTRIES, INC.

By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By: _____

    John F. Anderson
    DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December 2005 a copy of the

foregoing was served by first class mail on the following:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Lawrence H. Martin
Foley Hoag LLP
1875 K St., N.W., Suite 800
Washington, D.C. 20006

James J. Dillon
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Sidney Gordon Leech
Goodell, Devries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202

Elizabeth Ewert
Drinker, Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005

Sallie F. Pullman
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001

Kathleen D. Leslie
Whitney & Bogris LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, MD 21201

David D. Hudgins
Hudgins Law Firm
515 King St., Suite 400
Alexandria, VA 22314

Jennifer G. Levy
Kirkland & Ellis
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C. 20005

Harold M. Walter
Tydings & Rosenberg LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202

John F. Anderson

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

LAURIE JO AINSWORTH WARD

RECEIVED
Civil Clerk's Office
DEC 1 5 2005
Superior Court of the
District of Columbia
Washington, D.C.

v.

ELI LILLY AND COMPANY, et al.

Defendants.

Civil Action No. 2005 CA 009268 B

Judge John M. Campbell

Next Event:  Initial Conference
March 10, 2006 9:30 a.m.

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiff's complaint filed on November 30, 2005 ("Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo.  Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to any other defendant herein.

1.     Denies the allegations set forth in paragraph 1 of the Complaint and respectfully refers all questions of law to the Court, except that Premo does not contest personal jurisdiction in this matter.

2.     Denies the allegations set forth in paragraph 2 of the Complaint, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

### RESPONDING TO COUNT I

3.      Denies the allegations set forth in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions and the actions of plaintiff's mother's physician.  Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

4.      Denies allegations set forth in paragraph 4 of the Complaint.

5.      Denies the allegations set forth in paragraph 5 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

### RESPONDING TO COUNT II

6.      Responding to the allegations in paragraph 6 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 5 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

7.      Denies the allegations set forth in paragraph 7 of the Complaint.

8.      Denies the allegations set forth in paragraph 8 of the Complaints, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint.

10.     Denies the allegations set forth in paragraph 10 of the Complaint.

2

11.     Denies the allegations set forth in paragraph 11 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

12.     Denies the allegations set forth in paragraph 12 of the Complaint.

13.     Denies the allegations set forth in paragraph 13 of the Complaint, and respectfully refers all questions of law to the Court.

## RESPONDING TO COUNT III

14.     Responding to the allegations in paragraph 14 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 13 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

15.     Denies the allegations set forth in paragraph 15 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

16.     Denies the allegations set forth in paragraph 16 of the Complaint, and respectfully refers all conclusions of law to the Court.

17.     Denies the allegations set forth in paragraph 17 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

3

18.     Denies the allegations set forth in paragraph 18 of the Complaint and respectfully refers all conclusions of law to the Court.

## RESPONDING TO COUNT IV

19.     Responding to the allegations in paragraph 19 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-18 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

20.     Denies the allegations set forth in paragraph 20 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

21.     Denies the allegations set forth in paragraph 21 of the Complaint.

22.     Denies the allegations set forth in paragraph 22 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

23.     Denies the allegations set forth in paragraph 23 of the Complaint.

## RESPONDING TO COUNT V

24.     Denies the allegations set forth in paragraph 24 of the Complaint and respectfully refers all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

4

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### THIRD AFFIRMATIVE DEFENSE

The claims for relief alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiff by Premo at the time such plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine *en ventre sa mere*, and therefore, plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify Premo as the person causing the alleged injuries, and therefore have failed to state a claim against Premo upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiff as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiff may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the claims for relief contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

## NINTH AFFIRMATIVE DEFENSE

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

6

### TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiff or by such plaintiff's mother.

### TWELFTH AFFIRMATIVE DEFENSE

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiff and Premo.

### THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a claim for relief upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiff has asserted claims for relief which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and New York Constitutions.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiff has asserted claims for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under both the United States and New York Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Premo is found liable to plaintiff for any non-economic loss allegedly suffered by plaintiff, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiff or their agents or persons other than Premo, or completely barred by the doctrine of contributory negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

This Court is not a proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

### TWENTIETH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiff in this case disproportionate to the actual damages incurred by plaintiff, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiff has failed to state facts sufficient to support a claim for punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses which become available during discovery or trial.

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated:    Washington, D.C.
          December 13 2005

                              Respectfully submitted,

                              By: _____
                                 Aaron M. Bailey (Bar # 484262)
                                 GOODWIN PROCTER LLP
                                 901 New York Avenue, N.W.
                                 Washington, D.C. 20001
                                 Telephone:  (202) 346-4000
                                 Facsimile:  (202) 346-4444
                                 ABailey@goodwinprocter.com

                              *Attorneys for Defendant*
                              *Premo Pharmaceutical Laboratories, Inc.*

                              Of Counsel:
                              Christopher Garvey, Esq.
                              Diana M. Rosenberg, Esq.
                              GOODWIN PROCTER LLP
                              599 Lexington Avenue
                              New York, New York 10022
                              Telephone (212) 813-8800
                              Facsimile (212) 355-3333
                              Cgarvey@goodwinprocter.com
                              Drosenberg@goodwinprocter.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, a copy of the above and foregoing has been

duly served upon counsel of record by first-class mail, postage prepaid to the following: :

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
*Attorneys for Plaintiffs*

John F. Kuckelman, Esquire
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
*Attorneys for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Realth, LLP
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209
*Attorneys for Defendant Pharmacia and Upjohn Company, Merck & Company, Inc. and Ortho-McNeil Pharmaceutical, Inc.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
*Attorneys for Defendant Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland  21204
*Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.*

David D. Hudgins, Esquire
Jodi V. Zagorin, Esquire
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA 22314
*Attorneys for Defendant Person & Covey, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 Fifteenth Street
Washington, DC 20005
*Attorneys for Defendant Abbott Laboratories, Inc.*

Harold M. Walter
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
*Attorneys for Defendant Elan Pharmaceuticals*


Aaron M. Bailey (Bar # 484262)