**IN THE SUPERIOR COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| LAURIE JO AINSWORTH WARICH, )<br><br>Plaintiff, )<br><br>v. )<br><br>ELI LILLY AND CO., BRISTOL-MYERS )<br>SQUIBB CO., THE UPJOHN CO.,   DART )<br>INDUSTRIES, GLAXOSMITHKLINE, )<br>INC.,  PERSON & COVEY, )<br>MALLINCKRODT, INC., PREMO )<br>PHARMACEUTICAL LABORATORIES, )<br>INC., MERCK & COMPANY, INC., )<br>ELAN PHARMACEUTICALS, )<br>ORTHO-MCNEIL PHARMACEUTICAL, )<br>INC., ABBOTT LABORATORIES, )<br>100 Abbott Park Road, Abbott Park, Illinois )<br>60064-3500, )<br><br>Defendants. ) | CIVIL ACTION NO.: 05-009268B<br>(Judge John M. Campbell) |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT ABBOTT LABORATORIES TO THE COMPLAINT**

Defendant Abbott Laboratories ("Abbott"), through its attorneys, hereby answers plaintiff's complaint ("complaint") as follows, and offers the following affirmative defenses:

**ANSWER**

1.     The allegations in paragraph 1 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 1 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

2.     Abbott admits that it is and has been engaged in the manufacturing and selling of pharmaceuticals, among other things, in the United States.  Abbott denies the remaining allegations contained in paragraph 2 and demands strict proof thereof.

## COUNT I
### (Negligence)

3.     Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint and therefore denies same and demands strict proof thereof.

4.     Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and therefore denies same and demands strict proof thereof.

5.     The allegations in paragraph 5 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 5 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT II
### (Strict Liability)

6.     Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 5, above.

7.     The allegations in paragraph 7 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 7 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

8.     Abbott admits that it is and has been engaged in the manufacturing and selling of pharmaceuticals, among other things, in the United States.  Abbott denies the remaining allegations contained in paragraph 8 and demands strict proof thereof.

9.      Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint and therefore denies same and demands strict proof thereof.

10.      The allegations in paragraph 10 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 10 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

11.      The allegations in paragraph 11 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 11 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

12.      The allegations in paragraph 12 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 12 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

13.      The allegations in paragraph 13 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 13 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT III
### (Breach of Warranty)

14.      Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 13, above.

15.      The allegations in paragraph 15 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 15 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

16.    The allegations in paragraph 16 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 16 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

17.    The allegations in paragraph 17 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 17 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

18.    The allegations in paragraph 18 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 18 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT IV
### (Misrepresentation)

19.    Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 18, above.

20.    The allegations in paragraph 20 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 20 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

21.    Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint and therefore denies same and demands strict proof thereof.

22.    The allegations in paragraph 22 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 22 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

4

23.    The allegations in paragraph 23 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 23 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

**COUNT V**
**(Punitive Damages)**

24.    Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 23, above.

25.    The allegations in paragraph 25 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 25 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

Abbott denies all of the allegations of plaintiff's complaint not herein specifically admitted, denied, or denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted. Abbott denies that it is in any way responsible for the injuries and damages alleged in the complaint, and further denies that it is liable to plaintiff in any manner or amount whatsoever.

**AFFIRMATIVE DEFENSES**

Abbott states the following affirmative defenses to the complaint:

1.    Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by applicable statutes of limitations and applicable statutes of repose.

3.    Plaintiff's natural mother knowingly and intentionally assumed any and all risks inherent in the use of diethylstilbestrol and/or was contributorily negligent and/or engaged in misuse or abuse of said product which conduct is a complete bar to plaintiff's recovery, if any.

5

4.            Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence and/or contributory fault.

5.            Plaintiff's claims are barred in whole or in part by the doctrine of comparative negligence and/or comparative fault.

6.            Plaintiff's claims are barred in whole or in part by the doctrine of assumption of risk.

7.            Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

8.            Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, laches, and estoppel.

9.            Plaintiff's claims are barred and preempted in whole or in part by federal, state and/or local statutes and/or regulations relating to pharmaceuticals.

10.           The design, manufacture, inspection, packaging, warning, labeling and all other aspects of the product were in conformity with the then-existing state of the art.

11.           Plaintiff's claims are barred in whole or in part because of plaintiff's failure to mitigate.

12.           Plaintiff's claims are barred by the lack of causation between the alleged conduct and the alleged damages.

13.           Plaintiff's claims are barred because of intervening and/or superseding causes.

14.           Plaintiff's claims for breach of warranty are barred in whole or in part because of the express and/or durational limitations of any such warranties, if any.

15.           Plaintiff's claims for breach of warranty are precluded in whole or in part by express disclaimers of the applicable warranties, if any.

16.           Plaintiff's claims for breach of warranty are barred in whole or in part by virtue of plaintiff's lack of privity with Abbott.

17.           Plaintiff's claims for breach of warranty are barred in whole or in part by virtue of her failure to provide Abbott with the required notice and presentment of her claims.

6

18.        Plaintiff's claims for breach of warranty are barred in whole or in part because plaintiff has not provided Abbott with an opportunity to cure the alleged defect.

19.        Plaintiff's claims may have been fully or partially satisfied by the payments of a third party.

20.        Plaintiff's claims should be dismissed because her choice of venue is improper and/or inconvenient.

21.        Plaintiff's complaint fails to join a party or necessary parties without whom complete relief cannot be granted.

22.        Abbott reserves any additional defenses, which may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses.

        WHEREFORE, defendant Abbott Laboratories, having fully answered the complaint, requests that it be dismissed with costs assessed against plaintiff and such further relief as the Court deems just and proper.

Dated:  December 19, 2005                    Respectfully submitted,


                                            Jennifer Gardner Levy (D.C. Bar No. 461921)
                                            KIRKLAND & ELLIS
                                            655 Fifteenth Street, N.W.
                                            Suite 1200
                                            Washington, D.C.  20005
                                            Tel.: (202) 879-5000
                                            Fax: (202) 879-5200

                                            *Attorney for Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent this day by First Class, U.S. Mail, Postage Prepaid, to:

Aaron M. Levine
Brandon J. Levine
Renee L. Robinson-Meyer
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiff*

James J. Dillon, P.C.
John M. Granberry
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Lawrence H. Martin
Foley Hoag LLP
1747 Pennsylvania Ave, NW
Suite 1200
Washington, DC 20006
*Attorneys for Defendant Eli Lilly and Company*

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorney for Bristol-Myers Squibb Co. and The Upjohn Co. n/k/a Pharmacia and Upjohn*

Elizabeth Ewert, Esq.
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorneys for Merck & Co., Inc*

McNeil Labs
Camp Hill Road
Ft. Washington, PA 19034

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102

Sheila Ann Marie Moeller
GILBRIDE, TUSA, LAST &
  SPELLANE, LLC
31 Brookside Drive
Greenwich, CT 06836
*Attorneys for Dart Industries*

Daniel W. Whitney
Kathleen D. Leslie
Janet K. Coleman
Whitney & Borgris, LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
*Attorneys for GlaxoSmithKline & Mallinckrodt, Inc.*

Sallie F. Pullman
Goodwin & Procter LLP
901 New York Ave., NW
Washington, DC 20001
*Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Person & Covey, INC.
616 Allen Ave.
Glendale, CA 91221

Otho-McNeil Pharmaceutical, Inc.
1000 Route 202 South
Raritan, NJ 08869

Elan Pharmaceuticals
CT Corp
1025 Vermont Ave.
Washington, DC 20005

Dated: December 19, 2005

_____
Attorney for Defendant Abbott Laboratories

8

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| LAURIE JO AINSWORTH WARICH ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil Action No. 05-0009268 |
| v. ) | Judge John M. Campbell |
| ) | Calendar No. 12 |
| ELI LILLY AND COMPANY, *et al.,* ) | |
| ) | |
| *Defendants.* ) | |

### DEFENDANT ORTHO-MCNEIL PHARMACEUTICAL, INC.'S
### ANSWER TO COMPLAINT

Defendant Ortho-McNeil Pharmaceutical, Inc., ("Ortho-McNeil"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Laurie Jo Ainsworth's Complaint as follows:

1.    Ortho-McNeil denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2.    Ortho-McNeil admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The allegation that Ortho-McNeil is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Ortho-McNeil. To the extent that the allegations in Paragraph 2 are directed to other defendants, Ortho-McNeil is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

DC\549683\1

## COUNT I
### (Negligence)

3.     Ortho-McNeil admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.   Ortho-McNeil is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4.     Ortho-McNeil denies the allegations in Paragraph 4.

5.     Ortho-McNeil denies the allegations in Paragraph 5.

## COUNT II
### (Strict Liability)

6.     Ortho-McNeil incorporates by reference its answers to the allegations in Count I.

7.     Ortho-McNeil denies the allegations in Paragraph 7.

8.     Ortho-McNeil denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9.     Ortho-McNeil is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied.

10.     Ortho-McNeil denies the allegations in Paragraph 10.

11.     Ortho-McNeil denies the allegations in Paragraph 11.

12.     Ortho-McNeil denies the allegations in Paragraph 12.

13.     Ortho-McNeil denies the allegations in Paragraph 13.

## COUNT III
### (Breach of Warranty)

14.    Ortho-McNeil incorporates by reference its answers to the allegations in Counts I and II.

15.    Ortho-McNeil admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 15 are denied insofar as they are addressed to Ortho-McNeil. To the extent that the allegations in Paragraph 15 are directed to other defendants,  Ortho-McNeil is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

16.    Ortho-McNeil denies the allegations in Paragraph 16.

17.    Ortho-McNeil denies the allegations in Paragraph 17.

18.    Ortho-McNeil denies the allegations in Paragraph 18.

## COUNT IV
### (Misrepresentation)

19.    Ortho-McNeil incorporates by reference its answers to the allegations in Counts I, II and III.

20.    Ortho-McNeil denies the allegations in Paragraph 20.

21.    Ortho-McNeil is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21; therefore, those allegations are denied.

22.    Ortho-McNeil denies the allegations in Paragraph 22.

23.    Ortho-McNeil denies the allegations in Paragraph 23.

By way of further answer, Ortho-McNeil denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

## COUNT V
### (Punitive Damages)

24.     Ortho-McNeil denies the allegations in paragraph 24.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Ortho-McNeil's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

### FOURTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

### FIFTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

### SIXTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that venue is both improper and inconvenient in this judicial district.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that its predecessor acted at all times in full conformity with the then-existing state of the art.

### TENTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

### TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Ortho-McNeil are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and

Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Ortho-McNeil was not responsible and with whom Ortho-McNeil has no legal connection.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Ortho-McNeil.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

### SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s) have failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

### NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

### TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Ortho-McNeil adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Ortho-McNeil reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: _Elizabeth Ewert_____

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorney for Ortho-McNeil Pharmaceutical, Inc.*

Dated: December 22, 2005

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Ortho-McNeil

Pharmaceutical, Inc.'s Answer to Complaint was sent, via first-class mail, postage prepaid, on

this 22nd day of December, 2005, to:

Aaron M. Levine, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiff*

Harley V. Ratliff, Esq.
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
*Attorneys for Eli Lilly and Company*

James J. Dillon
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210-2600
and
Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Washington, DC 20006
*Attorneys for Eli Lilly and Company*

Sidney Leech, Esq.
Malcolm S. Brisker
GOODELL, DEVRIES, LEECH &
  DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

John F. Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA 22102
*Attorneys for Dart Industries, Inc.*

Sallie F. Pullman, Esq.
GOODWIN & PROCTOR, PC
901 New York Avenue, N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical
Laboratories, Inc.*

David D. Hudgins, Esq.
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Janet Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
*Attorneys for GlaxoSmithKline, Inc. and
Attorneys for Mallinckrodt, Inc.*

Michael D. Jones
Charles E. Duross
KIRKLAND & ELLIS
665 Fifteenth Street, NW
Suite 1200
Washington, DC 20005
*Attorneys for Abbott Laboratories, Inc.*

Elan Pharmaceuticals
CT Corporation
1025 Vermont Ave, NW
Washington, DC 20005

Brooke E. McDonough

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| LAURIE JO AINSWORTH WARICH | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 05-0009268 |
| v. | ) | Judge John M. Campbell |
| | ) | Calendar No. 12 |
| ELI LILLY AND COMPANY, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S**
**ANSWER TO COMPLAINT**

Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Laurie Jo Ainsworth's Complaint as follows:

1.    Upjohn denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2.    Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The allegation that Upjohn is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 2 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

## COUNT I
### (Negligence)

3.    Upjohn admits that its predecessor company at various times sold

diethylstilbestrol (DES), which was approved by the FDA.   Upjohn is without knowledge or

information sufficient to either admit or deny the remaining allegations in Paragraph 3;

therefore, those allegations are denied.

4.    Upjohn denies the allegations in Paragraph 4.

5.    Upjohn denies the allegations in Paragraph 5.

## COUNT II
### (Strict Liability)

6.    Upjohn incorporates by reference its answers to the allegations in Count I.

7.    Upjohn denies the allegations in Paragraph 7.

8.    Upjohn denies the allegations in Paragraph 8, except admits that its predecessor

company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9.    Upjohn is without knowledge or information sufficient to either admit or deny

the allegations in Paragraph 9; therefore, those allegations are denied.

10.    Upjohn denies the allegations in Paragraph 10.

11.    Upjohn denies the allegations in Paragraph 11.

12.    Upjohn denies the allegations in Paragraph 12.

13.    Upjohn denies the allegations in Paragraph 13.

## COUNT III
### (Breach of Warranty)

14.    Upjohn incorporates by reference its answers to the allegations in Counts I and II.

15.    Upjohn admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA.  The remainder of the allegations in Paragraph 15 are denied insofar as they are addressed to  Upjohn.  To the extent that the allegations in Paragraph 15 are directed to other defendants,  Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

16.    Upjohn denies the allegations in Paragraph 16.

17.    Upjohn denies the allegations in Paragraph 17.

18.    Upjohn denies the allegations in Paragraph 18.

## COUNT IV
### (Misrepresentation)

19.    Upjohn incorporates by reference its answers to the allegations in Counts I, II and III.

20.    Upjohn denies the allegations in Paragraph 20.

21.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21; therefore, those allegations are denied.

22.    Upjohn denies the allegations in Paragraph 22.

23.    Upjohn denies the allegations in Paragraph 23.

By way of further answer, Upjohn denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

## COUNT V
**(Punitive Damages)**

24.    Upjohn denies the allegations in paragraph 24.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

### FOURTH AFFIRMATIVE DEFENSE

Upjohn states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

### FIFTH AFFIRMATIVE DEFENSE

Upjohn states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

4

## SIXTH AFFIRMATIVE DEFENSE

Upjohn states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Upjohn states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## TENTH AFFIRMATIVE DEFENSE

Upjohn states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

## TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Upjohn are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

5

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Upjohn was not responsible and with whom Upjohn has no legal connection.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Upjohn.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

### SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s) have failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

### NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

### TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Upjohn adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Upjohn reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: _____

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorney for Pharmacia & Upjohn
Company LLC*

Dated:  December 22, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Pharmacia & Upjohn

Company LLC's Answer to Complaint was sent, via first-class mail, postage prepaid, on this 22nd day of

December, 2005, to:

Aaron M. Levine, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C.  20036
*Attorneys for Plaintiff*

Harley V. Ratliff, Esq.
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
*Attorneys for Eli Lilly and Company*

James J. Dillon
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210-2600
and
Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Washington, DC 20006
*Attorneys for Eli Lilly and Company*


Sidney Leech, Esq.
Malcolm S. Brisker
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD  21202
*Attorneys for Bristol-Myers Squibb Co.*

John F. Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA  22102
*Attorneys for Dart Industries, Inc.*

Sallie F. Pullman, Esq.
GOODWIN & PROCTOR, PC
901 New York Avenue, N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical
Laboratories, Inc.*

David D. Hudgins, Esq.
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*


Janet Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204
*Attorneys for GlaxoSmithKline, Inc. and
Attorneys for Mallinckrodt, Inc.*

Michael D. Jones
Charles E. Duross
KIRKLAND & ELLIS
665 Fifteenth Street, NW
Suite 1200
Washington, DC 20005
*Attorneys for Abbott Laboratories, Inc.*

Elan Pharmaceuticals
CT Corporation
1025 Vermont Ave, NW
Washington, DC 20005

Brooke E. McDonough

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

LAURIE JO AINSWORTH WARICH     )

                                     )

                   *Plaintiff,*     )

                                     )     Civil Action No. 05-0009268

v.                               )     Judge John M. Campbell

                                   )     Calendar No. 12

ELI LILLY AND COMPANY, *et al.,*     )

                                     )

               *Defendants.*     )

## DEFENDANT MERCK & COMPANY INC.'S
## ANSWER TO COMPLAINT

Defendant Merck & Company, Inc. ("Merck"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Laurie Jo Ainsworth's Complaint as follows:

1.     Merck denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2.     Merck admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The allegation that Merck is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 2 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

## COUNT I
### (Negligence)

3.      Merck admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.   Merck is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4.      Merck denies the allegations in Paragraph 4.

5.      Merck denies the allegations in Paragraph 5.

## COUNT II
### (Strict Liability)

6.      Merck incorporates by reference its answers to the allegations in Count I.

7.      Merck denies the allegations in Paragraph 7.

8.      Merck denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9.      Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied.

10.      Merck denies the allegations in Paragraph 10.

11.      Merck denies the allegations in Paragraph 11.

12.      Merck denies the allegations in Paragraph 12.

13.      Merck denies the allegations in Paragraph 13.

## COUNT III
### (Breach of Warranty)

14.   Merck incorporates by reference its answers to the allegations in Counts I and II.

15.   Merck admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 15 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 15 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

16.   Merck denies the allegations in Paragraph 16.

17.   Merck denies the allegations in Paragraph 17.

18.   Merck denies the allegations in Paragraph 18.

## COUNT IV
### (Misrepresentation)

19.   Merck incorporates by reference its answers to the allegations in Counts I, II and III.

20.   Merck denies the allegations in Paragraph 20.

21.   Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21; therefore, those allegations are denied.

22.   Merck denies the allegations in Paragraph 22.

23.   Merck denies the allegations in Paragraph 23.

By way of further answer, Merck denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

## COUNT V
### (Punitive Damages)

24.     Merck denies the allegations in paragraph 24.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Merck's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

### FOURTH AFFIRMATIVE DEFENSE

Merck states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

### FIFTH AFFIRMATIVE DEFENSE

Merck states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Merck states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Merck states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## TENTH AFFIRMATIVE DEFENSE

Merck states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

## TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Merck are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and Plaintiff or her

natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Merck was not responsible and with whom Merck has no legal connection.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Merck.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

### SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s) have failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

## NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Merck adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Merck reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: _Elizabeth Ewert_

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorney for Merck & Company, Inc.*

Dated: December 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Merck & Company, Inc.'s

Answer to Complaint was sent, via first-class mail, postage prepaid, on this 22nd day of

December, 2005, to:

Aaron M. Levine, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiff*

Harley V. Ratliff, Esq.
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
*Attorneys for Eli Lilly and Company*

James J. Dillon
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210-2600
and
Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Washington, DC 20006
*Attorneys for Eli Lilly and Company*

Sidney Leech, Esq.
Malcolm S. Brisker
GOODELL, DEVRIES, LEECH &
  DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

John F. Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA 22102
*Attorneys for Dart Industries, Inc.*
Sallie F. Pullman, Esq.
GOODWIN & PROCTOR, PC
901 New York Avenue, N.W.

Washington, DC 20001
*Attorneys for Premo Pharmaceutical
Laboratories, Inc.*

David D. Hudgins, Esq.
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Janet Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
*Attorneys for GlaxoSmithKline, Inc. and
Attorneys for Mallinckrodt, Inc.*

Michael D. Jones
Charles E. Duross
KIRKLAND & ELLIS
665 Fifteenth Street, NW
Suite 1200
Washington, DC 20005
*Attorneys for Abbott Laboratories, Inc.*

Elan Pharmaceuticals
CT Corporation
1025 Vermont Ave, NW
Washington, DC 20005

Brooke E. McDonough

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

LAURIE JO AINSWORTH WARICH          *

                                    *

        Plaintiff                   *

                                    *

v.                                  *       Civil Action No. 05-CA-09268
                                    *       Judge:  John Campbell
Eli Lilly and Company, et al                Next Court Event: Initial
                                    *         Conference 3/10/06 @ 9:30 am

        Defendants                  *

                                    *

*     *     *     *     *     *     *     *     *     *     *     *

## ANSWER TO COMPLAINT

GlaxoSmithKline ("GSK"), sued herein as "GlaxoSmithKline, Inc., a successor to

S.E. Massengill," by its undersigned attorneys, states as follows in answer to Plaintiff's

Complaint:

### Preliminary Statement

GSK states that to the extent that averments in the Complaint refer generally to

"defendants," GSK answers these allegations as to itself.  GSK denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the

Complaint to the extent that such allegations refer or relate to defendants other than GSK.

GSK further denies all averments made in any heading of the Complaint.  As to the

specific allegations of the Complaint, GSK states as follows:

1.      Denied.  The averments set forth in paragraph 1 of the Complaint are legal

conclusions to which no responsive pleading is required, and therefore are deemed

denied.

2.      Admitted in part, denied in part. GSK admits that it manufactures and distributes certain pharmaceuticals in the United States, and that it has done and presently does business in the District of Columbia. GSK denies the remaining averments set forth in paragraph 2 of the Complaint.

### Count I
### (Negligence)

3.      Denied. GSK denies all averments in paragraph 3 of the Complaint as they relate to GSK.

4.      Denied. GSK denies the averments set forth in paragraph 4 of the Complaint.

5.      Denied. GSK denies the averments set forth in paragraph 5 of the Complaint.

### Count II
### (Strict Liability)

6.      GSK reavers and restates its responses to the averments of paragraphs 1 – 5 of the Complaint, as if fully set forth herein.

7.      Denied. GSK denies the averments set forth in paragraph 7 of the Complaint.

8.      Admitted in part, denied in part. GSK admits that it manufactures and distributes certain pharmaceuticals. GSK denies the remaining averments in paragraph 8 of the Complaint.

9.      Denied. GSK denies plaintiff's exposure to its product at issue. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint, and therefore denies the same.

2

10.    Denied.    GSK denies the averments set forth in paragraph 10 of the Complaint.

11.    Denied.    GSK denies the averments set forth in paragraph 11 of the Complaint.

12.    Denied.    GSK denies the averments set forth in paragraph 12 of the Complaint.

13.    Denied.    GSK denies the averments set forth in paragraph 13 of the Complaint.

## Count III
### (Breach of Warranty)

14.    GSK reavers and restates its responses to the averments of paragraphs 1-13 of the Complaint, as if fully set forth herein.

15.    Denied.    The averments set forth in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

16.    Denied.    The averments set forth in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

17.    Denied.    GSK denies the averments set forth in paragraph 17 of the Complaint.

18.    Denied.    GSK denies the averments set forth in paragraph 18 of the Complaint.

## Count IV
### (Misrepresentation)

19.    GSK reavers and restates its responses to the averments of paragraphs 1-

3

19 of the Complaint, as if fully set forth herein.

20.    Denied.  The averments set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

21.    Denied.  GSK denies the averments set forth in paragraph 21 of the Complaint.

22.    Denied.  GSK denies the averments set forth in paragraph 22 of the Complaint.

23.    Denied.  GSK denies the averments set forth in paragraph 23 of the Complaint.

### Count V
**(Punitive Damages)**

24.    Denied. GSK denies the averments set forth in paragraph 24 of the Complaint.

In response to the unnumbered paragraph following paragraph 24 of the Complaint, GSK states that this paragraph is a demand for relief to which GSK responds that plaintiff is not entitled to any relief, including the relief requested therein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.    Plaintiff's claims based upon GSK's alleged duty to warn are barred by the learned intermediary doctrine.

4

### SECOND DEFENSE

2.    GSK states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against GSK upon which relief can be granted.

### THIRD DEFENSE

3.    GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

### FOURTH DEFENSE

4.    GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

### FIFTH DEFENSE

5.    The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

### SIXTH DEFENSE

6.    GSK states that the plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiff's recovery in this case.

### SEVENTH DEFENSE

7.    If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that she has asserted claims for relief which, if granted, would violate the public policy of the District of Columbia, and of any state whose law may be deemed to apply to the action, and constitute a denial by this Court of GSK's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

5

### EIGHTH DEFENSE

8.     Because plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

### NINTH DEFENSE

9.     GSK states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred because there was no reliance upon any warranties, if any, of GSK.

### TENTH DEFENSE

10.     GSK states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto.   Accordingly, plaintiffs claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

### ELEVENTH DEFENSE

11.     GSK states that plaintiff's claims may be barred by contributory negligence, which was a direct and proximate cause of the plaintiff's alleged conditions, which is a complete bar to plaintiff's recovery in this case.

### TWELFTH DEFENSE

12.     Plaintiff has failed to join all necessary parties.

### THIRTEENTH DEFENSE

13.     If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of GSK was not the proximate and/or competent producing cause of the alleged injuries.

### FOURTEENTH DEFENSE

14.    If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct GSK is not responsible or with whom GSK has no legal relation.

### FIFTEENTH DEFENSE

15.    If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by GSK.

### SIXTEENTH DEFENSE

16.    GSK states that plaintiff failed to give notice of the alleged defects within the time limitations imposed by law.

### SEVENTEENTH DEFENSE

17.    Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by GSK, which is denied, the injuries are the result of an idiosyncratic reaction on the part of the plaintiff's natural mother and/or plaintiff to the drug.

### EIGHTEENTH DEFENSE

18.    If DES manufactured by GSK was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures.

### NINETEENTH DEFENSE

19.    At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

### TWENTIETH DEFENSE

20.    Some or all of the plaintiff's claims are barred by collateral estoppel and res judicata.

### TWENTY-FIRST DEFENSE

21.    If plaintiff sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time GSK sold or otherwise parted with possession and control of the product in question. Accordingly, GSK's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiff is barred from recovery.

### TWENTY-SECOND DEFENSE

22.    At all applicable times, GSK fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

### TWENTY-THIRD DEFENSE

23.    Venue is improper in this Court.

### TWENTY-FOURTH DEFENSE

24.    GSK states that the demand for punitive damages and the imposition thereof would violate GSK's rights and privileges under the United States Constitution, including but not limited to, GSK's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, and GSK's right to protection from excessive fines under the Eighth Amendment to the United States Constitution.

8

## TWENTY-FIFTH DEFENSE

25.    Punitive damages are not recoverable for the causes of action set forth in the Complaint or, in the alternative, the allegations of each cause of action are legally insufficient to support a claim for punitive damages.

## TWENTY-SIXTH DEFENSE

26.    GSK states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers by any other defendant and intends to rely on other affirmative defenses, which may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

WHEREFORE, GSK respectfully requests that this Honorable Court enter an Order dismissing plaintiff's Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,


Daniel W. Whitney (Bar No.: 438668)
Kathleen Dick Leslie (Bar No.: 448511)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
**Attorneys for GLAXOSMITHKLINE**

9

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

LAURIE JO AINSWORTH WARICH            *

                                      *

        Plaintiff                     *

                                      *

v.                                    *       Civil Action No. 05-CA-09268
                                              Judge: John Campbell
                                      *       Next Court Event: Initial
Eli Lilly and Company, et al                   Conference 3/10/06 @ 9:30 am
                                      *
        Defendants
                                      *

*    *    *    *    *    *    *    *    *    *    *    *

CERTIFICATE OF SERVICE

I certify that on this 22nd day of December, 2005, a copy of the foregoing

Answer to Complaint on behalf of GlaxoSmithKline, Inc. was served by U.S. first

class mail, postage prepaid to the following counsel:

| | |
|---|---|
| Aaron M. Levine, Esq.<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street, N.W., Suite 500<br>Washington, D.C. 20036<br>**Attorneys for Plaintiff** | Sidney G. Leech<br>GOODELL, DEVRIES, LEECH & DANN, LLP<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>**Attorneys for Bristol-Myers Squibb Co.** |
| Elizabeth Ewert, Esq.<br>DRINKER, BIDDLE, REATH, LLP<br>1500 K Street, N.W., Suite 1100<br>Washington, D.C. 20005-1209<br>**Attorneys for Merck and Company, Inc.<br>And Pharmacia and Upjohn Company<br>And Ortho-McNeil Laboratories** | John F. Anderson<br>TROUTMAN SANDERS, LLP<br>1660 International Drive, Suite 600<br>McLean, VA. 22102<br>**Attorneys for Dart Industries, Inc** |

1

| | |
|---|---|
| Christopher Garvey, Esquire<br>Goodwin Proctor, LLP<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001<br>**Attorneys for Premo Pharmaceutical Laboratories, Inc.** | David D. Hudgins, Esq.<br>Hudgins law Firm<br>515 King Street, Suite 400<br>Alexandria, VA 22314<br>**Attorneys for Person & Covey** |
| Jennifer Gardner Levy, Esquire<br>Kirkland & Ellis<br>655 15th Street, N.W., Suite 1200<br>Washington, DC 20005<br>**Attorneys for Abbott laboratories, Inc.** | Harold M. Walter, Esquire<br>Tydings & Rosenberg, LLP<br>100 East Pratt St., 26th floor<br>Baltimore, MD 21201<br>**Attorneys for Elan Pharmaceuticals** |
| Michelle R. Mangrum, Esquire<br>Shook, Hardy & Bacon, LLP<br>600 14th Street, NW, Suite 800<br>Washington, DC 20005<br><br>John Kuckelman, Esquire<br>Shook, Hardy & Bacon, LLP<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108<br>**Attorneys for Eli Lilly and Company** | |

_Kathleen Dick Leslie_

Kathleen Dick Leslie

2