## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

LAURIE JO AINSWORTH WARICH       *

       Plaintiff                 *

                                     *

v.                                          Civil Action No. 05-CA-09268
                                 *    Judge:  John Campbell
Eli Lilly and Company, et al                Next Court Event: Initial
                                 *    Conference 3/10/06 @ 9:30 am

       Defendants

                                           *

*     *     *     *     *     *     *     *     *     *     *     *

### Answer to Complaint

       Defendant Mallinckrodt, Inc. ("Mallinckrodt"), by its undersigned attorneys, states as follows in answer to Plaintiff's Complaint:

### Preliminary Statement

       Mallinckrodt states that to the extent that averments in the Complaint refer generally to "defendants," Mallinckrodt answers these allegations as to itself.  Mallinckrodt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other than Mallinckrodt.  Mallinckrodt further denies all averments made in any heading of the Complaint.  As to the specific allegations of the Complaint, Mallinckrodt states as follows:

       1.     Denied.  The averments set forth in paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required, and therefore are deemed denied.

2.    Admitted in part, denied in part. Mallinckrodt admits that it is a corporation which is duly authorized to do business in the District of Columbia. Mallinckrodt is without knowledge or information to form a belief as to the truth of the remaining averments set forth in paragraph 2 of the Complaint and therefore denies the same.

## Count I
### (Negligence)

3.    Denied. Mallinckrodt denies the averments in paragraph 3 of the Complaint as they relate to Mallinckrodt.

4.    Denied. Mallinckrodt denies the averments set forth in paragraph 4 of the Complaint.

5.    Denied. Mallinckrodt denies the averments set forth in paragraph 5 of the Complaint.

## Count II
### (Strict Liability)

6.    Mallinckrodt reavers and restates its responses to the averments of paragraphs 1 – 5 of the Complaint, as if fully set forth herein.

7.    Denied. Mallinckrodt denies the averments set forth in paragraph 7 of the Complaint.

8.    Denied. Mallinckrodt denies the averments set forth in paragraph 8 of the Complaint.

9.    Denied. Mallinckrodt denies the plaintiff's exposure to its product at issue. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint, and therefore denies the same.

2

10. Denied. Mallinckrodt denies the averments set forth in paragraph 10 of the Complaint.

11. Denied. Mallinckrodt denies the averments set forth in paragraph 11 of the Complaint.

12. Denied. Mallinckrodt denies the averments set forth in paragraph 12 of the Complaint.

13. Denied. Mallinckrodt denies the averments set forth in paragraph 13 of the Complaint.

### Count III
### (Breach of Warranty)

14. Mallinckrodt reavers and restates its responses to the averments of paragraphs 1-13 of the Complaint, as if fully set forth herein.

15. Denied. The averments set forth in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

16. Denied. The averments set forth in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

17. Denied. Mallinckrodt denies the averments set forth in paragraph 17 of the Complaint.

18. Denied. Mallinckrodt denies the averments set forth in paragraph 18 of the Complaint.

### Count IV
### (Misrepresentation)

19.    Mallinckrodt reavers and restates its responses to the averments of paragraphs 1-18 of the Complaint, as if fully set forth herein.

20.    Denied.  The averments set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

21.    Denied.  Mallinckrodt denies the averments set forth in paragraph 21 of the Complaint.

22.    Denied.  Mallinckrodt denies the averments set forth in paragraph 22 of the Complaint.

23.    Denied.  Mallinckrodt denies the averments set forth in paragraph 23 of the Complaint.

### Count V
### (Punitive Damages)

24.    Denied. Mallinckrodt denies the averments set forth in paragraph 24 of the Complaint.

In response to the unnumbered paragraph following paragraph 24 of the Complaint, Mallinckrodt states that this paragraph is a demand for relief to which Mallinckrodt responds that plaintiff is not entitled to any relief, including the relief requested therein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.    Plaintiff's claims based upon Mallinckrodt 's alleged duty to warn are barred by the learned intermediary doctrine.

## SECOND DEFENSE

2.    Mallinckrodt states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against Mallinckrodt upon which relief can be granted.

## THIRD DEFENSE

3.    Mallinckrodt states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

## FOURTH DEFENSE

4.    Mallinckrodt states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

## FIFTH DEFENSE

5.    The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

## SIXTH DEFENSE

6.    Plaintiff's claims are barred by reason of a lack of personal jurisdiction over Mallinckrodt.

## SEVENTH DEFENSE

7.    Plaintiff's claims should be dismissed on the grounds of forum non conveniens.

## EIGHTH DEFENSE

8.    Mallinckrodt never manufactured, sold or distributed diethylstilbestrol ("DES") in the years or dosage allegedly ingested by the plaintiff's mother.

### NINTH DEFENSE

9.      Mallinckrodt never manufactured, sold, or distributed DES and is not legally responsible as a successor corporation to any companies which have done so, including but not limited to Dumas-Wilson & Co.

### TENTH DEFENSE

10.     Mallinckrodt never manufactured, sold, or distributed DES  and is not responsible or other acts of any corporation acquired or whose assets were acquired by Mallinckrodt, which may have manufactured, sold, or distributed DES.

### ELEVENTH DEFENSE

11.     If plaintiff can identify the manufacturer of the product which allegedly caused the alleged injuries or damages, and if Mallinckrodt is not such manufacturer, plaintiff's claims for relief against Mallinckrodt are barred.

### TWELFTH DEFENSE

12.     If Mallinckrodt is not identified as the manufacturer of the product which allegedly caused the alleged injuries or damages, any recovery against Mallinckrodt would violate its constitutional rights, including, but not limited to, its rights to due process and equal protection under the Fifth and Fourteenth Amendments to the Constitution of the United States.

### THIRTEENTH DEFENSE

13.     As to all causes of action pleaded in the Complaint which are based upon express or implied representations, such causes of action are legally insufficient against Mallinckrodt.

### FOURTEENTH DEFENSE

14.    Mallinckrodt states that the plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiff's recovery in this case.

### FIFTEENTH DEFENSE

15.    If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that she has asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and all other applicable states, and constitute a denial by this Court of Mallinckrodt's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

### SIXTEENTH DEFENSE

16.    Because plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

### SEVENTEENTH DEFENSE

17.    Mallinckrodt states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred since there was no reliance upon any warranties, if any, of Mallinckrodt.

### EIGHTEENTH DEFENSE

18.    Mallinckrodt states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto.  Accordingly, plaintiff's

claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

### NINTEENTH DEFENSE

19.     Mallinckrodt states that plaintiff's claims may be barred by contributory negligence, which was a direct and proximate cause of the plaintiff's alleged conditions, which is a complete bar to plaintiff's recovery in this case.

### TWENTIETH DEFENSE

20.     Plaintiff has failed to join all necessary parties.

### TWENTY-FIRST DEFENSE

21.     If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of Mallinckrodt was not the proximate and/or competent producing cause of the alleged injuries.

### TWENTY-SECOND DEFENSE

22.     If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct Mallinckrodt is not responsible or with whom Mallinckrodt has no legal relation.

### TWENTY-THIRD DEFENSE

23.     If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by Mallinckrodt.

### TWENTY-FOURTH DEFENSE

24.     Mallinckrodt states that plaintiff failed to give notice of the alleged defects within the time limitations imposed by law.

### TWENTY-FIFTH DEFENSE

25.    Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by Mallinckrodt, which is denied, the injuries are the result of an idiosyncratic reaction on the part of the plaintiff's natural mother and/or plaintiff to the drug.

### TWENTY-SIXTH DEFENSE

26.    If DES manufactured by Mallinckrodt was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures.    Accordingly, the DES was abused, misused and applied for purposes other than those which were indicated or intended by Mallinckrodt, which is a complete bar to plaintiff's recovery in this case.

### TWENTY-SEVENTH DEFENSE

27.    At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

### TWENTY-EIGHTH DEFENSE

28.    Some or all of the plaintiff's claims are barred by collateral estoppel and res judicata.

### TWENTY-NINTH DEFENSE

29.    If plaintiff sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time Mallinckrodt sold or otherwise parted with possession and control of the product in question.    Accordingly, Mallinckrodt 's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiff is barred from recovery.

## THIRTIETH DEFENSE

30.     At all applicable times, Mallinckrodt fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

## THIRTY-FIRST DEFENSE

31.     Venue is improper in this Court.

## THIRTY-SECOND DEFENSE

32.     Mallinckrodt states that the demand for punitive damages and the imposition thereof would violate Mallinckrodt's rights and privileges under the United States Constitution, including but not limited to, Mallinckrodt's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, and Mallinckrodt's right to protection from excessive fines under the Eighth Amendment to the United States Constitution.

## THIRTY-THIRD DEFENSE

33.     Punitive damages are not recoverable for the causes of action set forth in the Complaint or, in the alternative, the allegations of each cause of action are legally insufficient to support a claim for punitive damages.

## THIRTY-FOURTH DEFENSE

34.     Mallinckrodt states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers by any other defendant and intends to rely on other affirmative defenses, which may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

WHEREFORE, Mallinckrodt respectfully requests that this Honorable Court enter an Order dismissing plaintiff's Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,

_Kathleen Leslie Fishwick_

Daniel W. Whitney (Bar No.: 438666)
Kathleen D. Leslie (Bar No.: 448511)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
**Attorneys for Mallinckrodt, Inc.**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

LAURIE JO AINSWORTH WARICH    *

    Plaintiff        *

            *

v.              Civil Action No. 05-CA-09268

            *   Judge: John Campbell

Eli Lilly and Company, et al      Next Court Event: Initial

            *   Conference 3/10/06 @ 9:30 am

    Defendants

            *

*  *  *  *  *  *  *  *  *  *  *  *

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of December, 2005, a copy of the foregoing

Answer to Complaint on behalf of Mallinckrodt, Inc.  was served by U.S. first

class mail, postage prepaid to the following counsel:

| | |
|---|---|
| Aaron M. Levine, Esq.<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street, N.W., Suite 500<br>Washington, D.C. 20036<br>**Attorneys for Plaintiff** | Sidney G. Leech<br>GOODELL, DEVRIES, LEECH & DANN, LLP<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>**Attorneys for Bristol-Myers Squibb Co.** |
| Elizabeth Ewert, Esq.<br>DRINKER, BIDDLE, REATH, LLP<br>1500 K Street, N.W., Suite 1100<br>Washington, D.C. 20005-1209<br>**Attorneys for Merck and Company, Inc.**<br>**And Pharmacia and Upjohn Company**<br>**And Ortho-McNeil Laboratories** | John F. Anderson<br>TROUTMAN SANDERS, LLP<br>1660 International Drive, Suite 600<br>McLean, VA. 22102<br>**Attorneys for Dart Industries, Inc** |

| | |
|---|---|
| Christopher Garvey, Esquire<br>Goodwin Proctor, LLP<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001<br>**Attorneys for Premo Pharmaceutical Laboratories, Inc.** | David D. Hudgins, Esq.<br>Hudgins law Firm<br>515 King Street, Suite 400<br>Alexandria, VA 22314<br>**Attorneys for Person & Covey** |
| Jennifer Gardner Levy, Esquire<br>Kirkland & Ellis<br>655 15th Street, N.W., Suite 1200<br>Washington, DC 20005<br>**Attorneys for Abbott laboratories, Inc.** | Harold M. Walter, Esquire<br>Tydings & Rosenberg, LLP<br>100 East Pratt St., 26th floor<br>Baltimore, MD 21201<br>**Attorneys for Elan Pharmaceuticals** |
| Michelle R. Mangrum, Esquire<br>Shook, Hardy & Bacon, LLP<br>600 14th Street, NW, Suite 800<br>Washington, DC 20005<br><br>John Kuckelman, Esquire<br>Shook, Hardy & Bacon, LLP<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108<br>**Attorneys for Eli Lilly and Company** | |

Kathleen Dick Leslie

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| LAURIE JO AINSWORTH WARICH | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-0009268 |
| | ) | |
| ELI LILLY AND COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DISCLOSURE OF CORPORATE AND FINANCIAL INTERESTS OF ELAN PHARMACEUTICALS, INC. f/k/a CARNRICK LABORATORIES, INC.

I, the undersigned, counsel of record for Elan Pharmaceuticals, Inc., f/k/a Carnrick Laboratories, Inc. ("Elan"), pursuant to Rule 7.1, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of Elan which have any outstanding securities in the hands of the public:

Elan Pharmaceuticals, Inc.

These representations are made in order that judges of this court may determine the need for recusal.

Respectfully submitted,

Harold M. Walter, D.C. Bar No. 491730
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

*Attorneys for Elan Pharmaceuticals, Inc.,*
*f/k/a Carnrick Laboratories, Inc.*

#495469v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2005, a copy of defendant Elan

Pharmaceuticals, Inc., f/k/a Carnrick Laboratories, Inc.'s Disclosure of Corporate and Financial

Interests was served via first class mail, postage pre-paid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb, Co.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W. Suite 1200
Washington, D.C. 20005
*Attorneys for Abbot Laboratories, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Towson, Maryland 21204
*Attorneys for GlaxoSmithKline, Inc.*

Jodi V. Zagorin, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314
*Attorneys for Person & Covey, Inc.*

Lawrence H. Martin, Esquire
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C. 20006-1238
*Attorneys for Eli Lilly & Co.*

Stephanie Albert, Esquire
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorneys for Merck & Company, Inc., Ortho-McNeil Pharmaceutical, Inc. and Pharmacia & Upjohn Co.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorneys for Dart Industries, Inc.*

Justin Flint, Esquire
Eccleston & Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Roberta Koss, Esquire
Scott H. Christensen, Esquire
Hughes Hubbard & Reed, LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
*Attorneys for Mallinckrodt, Inc.*

Melanie Muhlstock, Esquire
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
*Of Counsel for Premo Pharmaceutical*
*Laboratories, Inc.*

Harold M. Walter

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

LAURIE JO AINSWORTH WARICH    )
                             )
        Plaintiffs,           )
                             )
    v.                        )        Civil Action No.: 05-0009268
                             )
ELI LILLY AND COMPANY, et al. )
                             )
        Defendants.           )
_____)

## DEFENDANT ELAN PHARMACEUTICALS, INC.'S ANSWER TO COMPLAINT

Defendant ELAN PHARMACEUTICALS, INC., f/k/a Carnrick Laboratories, Inc.

(referred to herein as "Elan "), by its undersigned attorneys, answers the complaint filed in this

action as follows:

### ANSWER

1.      The allegations contained in paragraph 1 of the complaint purport to set

forth a legal conclusion to which no answer from Elan is required.  To the extent that the

allegations of paragraph 1 may be deemed factual, Elan denies each and every such allegation.

2.      Elan denies each and every allegation contained in paragraph 2 of the

complaint except it admits that at certain times Elan obtained permission to market

diethylstilbestrol ("DES") for prescription by duly licensed medical practitioners for various

purposes.  Further, Elan lacks knowledge or information sufficient to form a belief as to the other

defendants.

### COUNT I
(Negligence)

3.      Elan presently lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first two sentences of paragraph 3 of the

complaint and therefore denies same. Elan denies the remaining allegations contained in paragraph 3 of the complaint.

4.    Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and therefore denies same.

5.    The allegations contained in paragraph 5 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 5 may be deemed factual, Elan denies each and every such allegation.

## COUNT II
(Strict Liability)

6.    Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 5 above.

7.    The allegations contained in paragraph 7 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 7 may be deemed factual, Elan denies each and every such allegation.

8.    Elan denies each and every allegation contained in paragraph 8 of the complaint except admits that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, Elan denies knowledge or information sufficient to form a belief as to the other defendants.

9.    Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint and therefore denies same.

10.    The allegations contained in paragraph 10 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 10 may be deemed factual, Elan denies each and every such allegation.

#495369v.1                                                2

11.     The allegations contained in paragraph 11 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 11 may be deemed factual, Elan denies each and every such allegation.

12.     The allegations contained in paragraph 12 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 12 may be deemed factual, Elan denies each and every such allegation.

13.     The allegations contained in paragraph 13 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 13 may be deemed factual, Elan denies each and every such allegation.

**COUNT III**
(Breach of Warranty)

14.     Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 13 above.

15.     The allegations contained in paragraph 15 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 15 may be deemed factual, Elan denies each and every such allegation. Elan does admit that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes.

16.     The allegations contained in paragraph 16 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 16 may be deemed factual, Elan denies each and every such allegation.

17.     The allegations contained in paragraph 17 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 17 may be deemed factual, Elan denies each and every such allegation.

18.    The allegations contained in paragraph 18 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 18 may be deemed factual, Elan denies each and every such allegation.

## COUNT IV
(Misrepresentation)

19.    Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 18 above.

20.    Elan denies each and every allegation contained in paragraph 20 of the complaint except admits that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes.  Further, Elan denies knowledge or information sufficient to form a belief as to the other defendants.

21.    Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint and therefore denies same.

22.    The allegations contained in paragraph 22 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 22 may be deemed factual, Elan denies each and every such allegation.

23.    The allegations contained in paragraph 23 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 23 may be deemed factual, Elan denies each and every such allegation.

24.    The allegations contained in paragraph 24 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 24 may be deemed factual, Elan denies each and every such allegation.

Elan denies all of the allegations of plaintiff's complaint not herein specifically admitted, denied, or denied for lack of knowledge or information sufficient to form a belief as to

the truth of the allegations asserted. Elan denies that it is in any way responsible for the injuries and damages alleged in the complaint, and further denies it is liable to plaintiff in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

Elan pleads the following affirmative defenses to plaintiff's complaint:

1.    The complaint fails to state a claim upon which any relief can be granted.

2.    This Court lacks personal jurisdiction over the defendant.

3.    This Court lacks jurisdiction of the subject matter of the action.

4.    Elan claims insufficiency of process and/or insufficiency of service of process.

5.    This Court is the improper venue for plaintiff's cause of action.

6.    The place of trial of this action is set without due regard for the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof, and constitutes a *forum non conveniens* that requires that the action be tried in another jurisdiction.

7.    Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed plaintiff by this defendant at the time plaintiff's mother allegedly used the drug referred to in the complaint or by reason of the doctrine of *en ventre sa mere* and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

8.    The complaint fails to join all necessary and indispensable parties in whose absence complete relief cannot be afforded among those already parties.

9.    The injuries and damages allegedly sustained by plaintiff are attributable to the acts and/or omissions of other entities not parties to this action.

10.    Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

11.    Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

12.    Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

13.    Plaintiff's claims are barred by contributory negligence on the part of plaintiff and/or plaintiff's natural mother.

14.    Plaintiff's claims are barred by assumption of risk by plaintiff and/or plaintiff's natural mother.

15.    The drug referred to in plaintiff's complaint is a prescription drug and the Federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution, and sale of the drug referred to in the complaint were and are controlled by Federal law and the manufacture, distribution, and sale of said drug at all times by this defendant were in compliance with applicable Federal law; therefore, plaintiff's causes of action fail to state any claim upon which relief can be granted in that, *inter alia*, such claims for relief if granted, would impede, impair, frustrate or burden the effectiveness of Federal law regulating the field of prescription drugs and would violate the Supremacy Clause of the United States Constitution.

16.    Elan asserts that any injuries and damages sustained by plaintiff were caused by the negligence, intentional acts, and/or omissions of persons other than Elan.

17.    The alleged injuries and/or damages of plaintiff, if any, were caused by fellow servants.

18.    At all times material to plaintiff's claims, Elan had no knowledge, either actual or constructive, and by application of reasonable, developed human skill and foresight, had no reason to know of the propensities, if any, of DES to allegedly cause or contribute to the creation

of medical conditions or circumstances involving alleged injury or illness of any type whatsoever.

19.     Elan denies the applicability of the doctrine of strict liability in tort to this litigation.

20.     Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

21.     The pharmaceutical products that plaintiff's natural mother was allegedly prescribed and ingested were, at the time of their manufacture and/or sale by Elan or other defendants, entirely safe as established by the medical and scientific art at the time of their manufacture and/or sale.

22.     Elan's products, if any, were in no way defective or ultra-hazardous in light of the existing state-of-the-art.

23.     If any products allegedly used by plaintiff's natural mother were unsafe, they were unavoidably so.

24.     Any injuries and damages sustained by the plaintiff were the result of the misuse and/or abuse of the aforesaid product by plaintiff or her natural mother.

25.     Elan's alleged failure to warn was not a cause-in-fact of plaintiff's development of any injury.

26.     There should be no recovery against Elan under any claim of implied warranty because, upon information and belief, Elan has properly and adequately disclaimed all such implied warranties.

27.     There being no privity of contract between Elan and plaintiff, there can be no cause of action against Elan for alleged breach of warranties.

28.    There is no warranty, expressed or implied, between plaintiff and Elan, and if there is such warranty, plaintiff has waived any such warranty.

29.    Plaintiff failed to give reasonably prompt or timely notice of an alleged breach of warranty and have not given Elan adequate time to cure any alleged defect.

30.    Elan did not produce, manufacture, sell, distribute or otherwise place into the stream of commerce any products that were the proximate cause of the claimed injuries of plaintiff.

31.    While denying any negligence or improper conduct with respect to the subject matter of the complaint, Elan states that insofar as negligence or improper conduct is found, it was not a proximate cause of any injury allegedly sustained by plaintiff.

32.    While denying all allegations of the complaint regarding injury and damages allegedly sustained by plaintiff, Elan states that if plaintiff proves said injuries and damages, they were caused by the superseding and intervening acts of negligence of other parties over whom this defendant had no control, nor right to control, and for whose actions this defendant is not liable.

33.    Any and all products allegedly manufactured, supplied, sold, produced or otherwise placed into the stream of commerce by this defendant were in Sealed Containers within the definitions set forth in any applicable statute in this jurisdiction that provides a complete defense to plaintiff's allegations.

34.    Plaintiff failed to allege fraudulent conduct on the part of defendant with sufficient particularity to state a cause of action for fraud and/or misrepresentation.

35.    Plaintiff failed to mitigate their damages, if any.

36.    In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced, to the extent allowed by the law of the forum

jurisdiction, by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any post or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

37.    The complaint fails to state a claim against Elan upon which an award of punitive damages can be made.

38.    Punitive damages are not recoverable for the causes of action set forth in the complaint; such exemplary or punitive damages would (a) violate Elan's rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and (b) violate Elan's rights to protection from excessive fines provided by the Eighth Amendment to the United States Constitution.

39.    Elan avails itself of any and all such defenses as have been raised by any of the other defendants and/or third-party defendants in this proceeding as may be applicable to the complaint and/or third-party complaint.

40.    Elan reserves the right to raise such other affirmative defenses as may be available or apparent during discovery.

**WHEREFORE**, defendant, ELAN PHARMACEUTICALS, INC., f/k/a Carnrick Laboratories, Inc., demands judgment dismissing the complaint of plaintiff together with the costs of this action.

Respectfully submitted,

Harold M. Walter, D.C. Bar No. 491730
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

*Attorneys for Elan Pharmaceuticals, Inc.,*
*f/k/a Carnrick Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this _22nd_ day of December 2005, a copy of defendant Elan

Pharmaceuticals, Inc., f/k/a Carnrick Laboratories, Inc.'s answer to the complaint was served via

first class mail, postage pre-paid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
***Attorneys for Plaintiffs***

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
***Attorneys for Bristol-Myers Squibb, Co.***

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W. Suite 1200
Washington, D.C. 20005
***Attorneys for Abbot Laboratories, Inc.***

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Towson, Maryland 21204
***Attorneys for GlaxoSmithKline, Inc.***

Jodi V. Zagorin, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314
***Attorneys for Person & Covey, Inc.***

Lawrence H. Martin, Esquire
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C. 20006-1238
***Attorneys for Eli Lilly & Co.***

Stephanie Albert, Esquire
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
***Attorneys for Merck & Company, Inc., Ortho-McNeil Pharmaceutical, Inc. and Pharmacia & Upjohn Co.***

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
***Attorneys for Dart Industries, Inc.***

Justin Flint, Esquire
Eccleston & Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
***Attorneys for Premo Pharmaceutical Laboratories, Inc.***

Roberta Koss, Esquire
Scott H. Christensen, Esquire
Hughes Hubbard & Reed, LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
***Attorneys for Mallinckrodt, Inc.***

#495369v.1

Melanie Muhlstock, Esquire
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
*Of Counsel for Premo Pharmaceutical
Laboratories, Inc.*

Harold M. Walter

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
LAURIE JO AINSWORTH WARICH,        *
5 Genesseo Circle                  *
Milford, MA 01757                  *
                                   *
                Plaintiff,         *
                                   *
        vs.                        *     CIVIL ACTION NO. 05-0009268
                                   *
ELI LILLY AND COMPANY, et al.,     *     Judge John M. Campbell
Lilly Corporate Center             *
Indianapolis, IN  46285            *
                                   *
                Defendants.        *
                                   *
* * * * * * * * * * * * ** * * * * * * * * * * * *
```

### DEFENDANT ELI LILLY AND COMPANY'S DISCLOSURE
### OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

Pursuant to Superior Court Rule of Civil Procedure 7.1, Defendant Eli Lilly and

Company provides the following Corporate Disclosure Statement.  Eli Lilly and Company has no

parent corporation and no publicly held corporation owns 10% or more of its stock.

Respectfully submitted,

*Michelle R. Mangrum*

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

128149v1

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2

128149v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished by first-class United States Mail, postage prepaid thereon, to the following counsel of record this 27th day of December, 2005.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorney for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Michael J. McManus, Esq.
Elizabeth Ewert, Esq.
Stephanie Albert, Esq.
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Pharmacia and Upjohn Company, Merck & Company, Inc., and Ortho-McNeil Pharmaceutical, Inc.**

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102

Sheila AnnMarie Moeller, Esq.
Gilbride, Tusa, Last & Mullane LLC
P.O. Box 658
31 Brookside Drive
Greenwich, CT 06836
**Attorneys for Dart Industries, Inc.**

Daniel Whitney, Esq.
Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

Diana M. Rosenberg, Esq.
Andrew R. Louis, Esq.
Goodwin Proctor, LLP
901 New York Avenue, NW
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Christopher Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY 10022
**Of Counsel for Premo Pharmaceutical Laboratories, Inc.**

David D. Hudgins, Esq.
Jodi V. Zagorin, Esq.
Hudgins Law Firm
515 King St; Ste 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Harold M. Walter, Esq.
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals, Inc.**

Jennifer Gardner Levy, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
**Attorneys for Abbott Laboratories, Inc.**

**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LAURIE JO AINSWORTH WARICH,**    \*
5 Genesseo Circle                \*
Milford, MA 01757                \*
                                 \*
                    **Plaintiff,**    \*
                                 \*
            vs.                  \*    CIVIL ACTION NO. 05-0009268
                                 \*
**ELI LILLY AND COMPANY, et al.,**   \*    Judge John M. Campbell
**Lilly Corporate Center**           \*
**Indianapolis, IN  46285**          \*
                                 \*
                   **Defendants.**   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT ELI LILLY AND COMPANY'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers

by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving,

but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions

directed to the allegations of the Complaint.

### FIRST DEFENSE

1.    Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal

question to which no response is required.  To the extent a response is required, however, Lilly

denies the allegations contained in Paragraph 1 of the Complaint.

2.    In response to the allegations contained in Paragraph 2 of the Complaint,

Lilly states that it did sell and distribute DES in the District of Columbia.  Lilly also states that it

is doing business in the District of Columbia, that the U.S. Food and Drug Administration

("FDA") is headquartered in the District of Columbia and that the FDA approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

## COUNT I – NEGLIGENCE

3.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in paragraph 3 of the Complaint.

4.      Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.      Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT II - STRICT LIABILITY

6.      Lilly repeats and realleges its answers in Count I above.

7.      Lilly denies the allegations in Paragraph 7 of the Complaint.

8.      Lilly denies the allegations contained in Paragraph 8 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.      Lilly denies the allegations in Paragraph 9 of the Complaint.

10.     Lilly denies the allegations in Paragraph 10 of the Complaint.

11.     Lilly denies the allegations in Paragraph 11 of the Complaint.

12.     Lilly denies the allegations in Paragraph 12 of the Complaint.

13.     Lilly denies the allegations in Paragraph 13 of the Complaint.

1833645v1

## COUNT III - BREACH OF WARRANTY

14.    Lilly repeats and realleges its answers in Counts I and II above.

15.    Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

16.    Lilly denies the allegations in Paragraph 16 of the Complaint.

17.    Lilly denies the allegations in Paragraph 17 of the Complaint.

18.    Lilly denies the allegations in Paragraph 18 of the Complaint.

## COUNT IV - MISREPRESENTATION

19.    Lilly repeats and realleges its answers in Counts I, II and III above.

20.    Lilly denies the allegations in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

21.    Lilly denies the allegations in Paragraph 21 of the Complaint.

22.    Lilly denies the allegations in Paragraph 22 of the Complaint.

23.    Lilly denies the allegations in Paragraph 23 of the Complaint.

## COUNT V – PUNITIVE DAMAGES

24.    Lilly denies the allegations in Paragraph 24 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

1833645v1

### THIRD DEFENSE

The Plaintiff's Claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom Defendant discharged any duty to warn.

### SIXTH DEFENSE

This court lacks personal jurisdiction over Defendant.

### SEVENTH DEFENSE

Venue is improper in this judicial district.

### EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 e seq. and/or the regulations promulgated pursuant to that Act.

- 4 -

1833645v1

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiff's Complaint, Lilly prays as follows:

1.     That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.     That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

1833645v1

and

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

1833645v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2005, a true and accurate copy of the foregoing was furnished by first-class United States mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorney for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Michael J. McManus, Esq.
Elizabeth Ewert, Esq.
Stephanie Albert, Esq.
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Pharmacia and Upjohn Company, Merck & Company, Inc., and Ortho-McNeil Pharmaceutical, Inc.**

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102

Sheila AnnMarie Moeller, Esq.
Gilbride, Tusa, Last & Mullane LLC
P.O. Box 658
31 Brookside Drive
Greenwich, CT 06836
**Attorneys for Dart Industries, Inc.**

Daniel Whitney, Esq.
Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

1833645v1

- 7 -

Diana M. Rosenberg, Esq.
Andrew R. Louis, Esq.
Goodwin Proctor, LLP
901 New York Avenue, NW
Washington, D.C.  20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Christopher Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY  10022
**Of Counsel for Premo Pharmaceutical Laboratories, Inc.**

David D. Hudgins, Esq.
Jodi V. Zagorin, Esq.
Hudgins Law Firm
515 King St; Ste 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

Harold M. Walter, Esq.
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
**Attorneys for Elan Pharmaceuticals, Inc.**

Jennifer Gardner Levy, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C.  20005
**Attorneys for Abbott Laboratories, Inc.**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

1833645v1